IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NATHANIEL COLLOGAN,   )<br>    Plaintiff,   ) | Case No. 7:23-cv-00215 |
| )<br>v.   )<br>   )<br>JOEL BRANSCOM, et al.,   )<br>    Defendants.   ) | By: Michael F. Urbanski<br>Chief United States District Judge |

**MEMORANDUM OPINION**

Nathaniel Collogan, proceeding pro se, commenced this action by filing a form complaint under 42 U.S.C. § 1983 against his attorney, Craig Leisure, and Botetourt County Circuit Court Judge Joel Branscom. Collogan has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of his complaint. For the following reasons, the court concludes that the complaint must be dismissed for failure to state a claim against the named defendants.

**I.   Background**

According to the complaint, Collogan is currently hospitalized at Catawba Hospital. State court records available online indicate that he is awaiting trial on criminal charges in the Circuit Court of Botetourt County.*

Collogan complains about actions taken during the course of the criminal proceedings. He alleges that Judge Branscom violated his constitutional rights by conducting hearings outside his presence at the request of Leisure. He further alleges that Judge Branscom is biased

---

* See Virginia Courts Case Information, http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp (last accessed Apr. 26, 2023).

and that he wants both defendants to be disbarred. In addition to monetary damages, Collogan seeks to have his "case go to trial with [his] rights upheld." Compl., ECF No. 1, at 3.

## II. Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656–57 (4th Cir. 2006). The court must dismiss a case at any time if the court determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983 against either of the named defendants.

First, Collogan does not allege facts from which the court could conclude that his attorney, Craig Leisure, acted "under color of state law." Id. It is well settled that an attorney does not act under color of state law when representing a defendant in a criminal case. See Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (holding that a § 1983 action against a state-appointed attorney was subject to dismissal "for want of state action"); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a "private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983"). Accordingly, the complaint fails to state a cognizable § 1983 claim against Leisure.

Second, the doctrine of judicial immunity bars the claims against Judge Branscom. Under existing precedent, "judges are absolutely immune from suit for deprivation of civil rights brought against them under 42 U.S.C. § 1983," when such suit arises from judicial actions taken within their jurisdiction. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) (citations omitted). Judicial immunity extends not only to claims for damages but also to most suits for injunctive relief under § 1983. See 42 U.S.C. § 1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"); see also Lepelletier v. Tran, 633 F. App'x 126, 127 (4th Cir. 2016) (holding that the plaintiff's "claims seeking injunctive relief against a sitting state court judge for actions taken in his judicial capacity . . . were barred by the plain language of 42 U.S.C. § 1983"). For purposes of judicial immunity, the scope of a judge's jurisdiction is construed broadly. Stump v. Sparkman, 435 U.S. 349, 356 (1978). "A judge will not be deprived of

immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356–57 (internal quotation marks and citation omitted); see also Mireles v. Waco, 502 U.S. 9, 11 (1991) (emphasizing that "judicial immunity is not overcome by allegations of bad faith or malice").

Here, it is clear from the complaint that Collogan's claims against Judge Branscom are based on actions taken in the judge's judicial capacity, and there is no plausible suggestion that Judge Branscom "acted in the clear absence of all jurisdiction." Stump, 435 U.S. at 357. Additionally, Collogan has not alleged any facts that would entitle him to an injunction under § 1983. Accordingly, the complaint also fails to state a cognizable § 1983 claim against Judge Branscom.

## IV. Conclusion

For the foregoing reasons, the court concludes that the complaint must be dismissed for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: May 1, 2023

Digitally signed by Michael F. Urbanski    Chief U.S. District Judge
Date: 2023.05.01 14:35:11 -04'00'

Michael F. Urbanski
Chief United States District Judge